## 54700. DIXON v. THE STATE.

BANKE, Judge.

The appellant and two companions were jointly indicted for the offense of burglary. All were initially represented by the same counsel, the public defender, and all initially entered pleas of not guilty. The two companions subsequently changed their pleas to guilty and became state's witnesses. The appellant, still

represented by the public defender, was convicted by a jury and filed this direct appeal.

1. The appellant contends that he was denied effective assistance of counsel due to the fact that his attorney had previously represented the two companions who entered guilty pleas. It is not argued that counsel was forced to represent conflicting positions at trial or to present conflicting defenses, but it is alleged that the former representation had a "chilling effect" on cross examination of these two witnesses.

This enumeration of error is without merit. No such potential for harm was ever brought to the attention of the trial court, either by the appellant or by his counsel, either before or during the trial. Furthermore, it does not appear from the record that counsel engaged in anything less than a full and vigorous cross examination of the two accomplices. Nor is it alleged that counsel's previous attorney-client relationship with these witnesses provided him with information favorable to the appellant which he was unable to utilize. In the absence of a showing of actual conflict on appeal and in the absence of any suggestion of potential conflict to the trial court, we find no harm and no error. Accord, United States v. Boudreaux, 502 F2d 557, 558 (5th Cir., 1974).

2. The evidence amply supported the verdict. Both co-indictees testified that the appellant participated with them in the burglary. Although their testimony may have been conflicting as to some details, each sufficiently corroborated the other to authorize the case to be sent to the jury. See *Jones v. State,* 235 Ga. 103 (3) (218 SE2d 899) (1975); *McCormick v. State,* 176 Ga. 21 (4) (166 SE 762) (1932). Their testimony was further corroborated by the testimony of a police officer who saw the three together at 4:30 a.m. on the morning of the burglary.

3. Since the verdict was supported by the evidence, it was not error to deny the appellant's motion for directed verdict.

4. The appellant contends that the police officer who questioned him at 4:30 a.m. improperly placed his character in evidence by testifying that he had stopped the appellant to question him about another, unrelated burglary in the area. This testimony cannot reasonably be

construed to be evidence of the appellant's character. Furthermore, even if we were to find that it did incidentally reflect on his character, it was nevertheless admissible to explain the officer's conduct. See *Whippler v. State,* 218 Ga. 198 (3) (126 SE2d 744) (1962); *Spencer v. State,* 236 Ga. 697 (4b) (224 SE2d 910) (1976). It was not error to deny the ensuing motion for mistrial.

5. It was not error to deny a mistrial following testimony by an investigating officer that the appellant "didn't tell me anything." This statement did not amount to an impermissible comment on the appellant's right to remain silent, which right, in any event, the appellant did not exercise at trial. Furthermore, it came in direct response to a question asked by appellant's counsel on cross examination. See *Thomas v. State,* 213 Ga. 237 (2), 239 (98 SE2d 548) (1957); *Scott v. State,* 130 Ga. App. 75, 78 (202 SE2d 201) (1973).

The trial court subsequently charged the jury that any statements made by a witness concerning the defendant's silence prior to trial were irrelevant and not to be considered as evidence. This charge was requested by appellant's counsel and cannot now be assigned as error. See *Coleman v. State,* 141 Ga. 737 (4) (82 SE 227) (1914); *Smith v. State,* 225 Ga. 328 (10) (168 SE2d 587) (1969).

6. It was not error for the trial court in its discretion to allow a leading question, absent a showing of prejudice or injury. *Shouse v. State,* 231 Ga. 716, 719 (11) (203 SE2d 537) (1974). Furthermore, the question to which the appellant objects was not leading.

7. The trial court's charge on the issue of recent possession of stolen property was not burden shifting and was authorized by testimony of a police officer to the effect that the appellant was found in possession of a new Willard battery. The owner of the burglarized store testified that a Willard battery was missing from the store and that he was the only Willard battery dealer in town. See generally *Haugabrook v. State,* 142 Ga. App. 714 (236 SE2d 890) (1977).

No error appearing for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Shulman and Birdsong, JJ.,*

concur.

SUBMITTED OCTOBER 12, 1977 — DECIDED NOVEMBER 17, 1977.

*J. Greg Wolinski, Dennis 'J. Strickland, Sr.,* for appellant.
*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.