## 61505. CHEEVES v. THE STATE.

DEEN, Presiding Judge.

Michael Cheeves was granted an out-of-time appeal from his conviction of four counts of armed robbery and one count of aggravated assault.

1. Cheeves first contends that the trial court erred in denying his motion to exclude eyewitness identification at trial because it followed an impermissibly suggestive pretrial photographic identification procedure which gave rise to a substantial likelihood of irreparable misidentification.

The court conducted a hearing on that issue outside the presence of the jury. The evidence showed that six days after the robbery a GBI agent and a deputy sheriff mounted six pictures in a manilla folder and numbered them. Two of the included pictures were of suspects in the case and photograph number six was of the appellant. Each of the victims independently viewed the folder, was not informed that the photographs were of suspects in the case, and were instructed not to discuss their identifications with one another while the identification procedure was being conducted. The witnesses complied with the request. Two of the victims identified Cheeves as one of the robbers.

At trial counsel argued that the procedure was impermissibly suggestive because the backgrounds in some of the photographs were different, that the age of the suspects was different and that two of the photographs were slightly smaller. The court observed the photographs and noted that three of the men in the photographs were wearing hats and that two of them had similar hats and did not see a noticeable age difference. The court found no merit in appellant's contention.

In determining whether the eyewitness testimony following a

pre-indictment investigative lineup should be admitted, the Supreme Court in *Payne v. State,* 233 Ga. 294 (210 SE2d 775) (1974), relying upon Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968), holds each case must be considered on its own facts and that a two-prong test must be applied: (1) whether the photographic display was impermissibly suggestive, and if it was the court must consider (2) whether there was a substantial likelihood of irreparable misidentification. We find no error in the trial court's ruling.

2. Appellant also asserts the general grounds. We have examined the entire record and find that a co-defendant testified that appellant participated in the robbery and his testimony was corroborated by the testimony of the victims. Thus, there was sufficient evidence for a rational trier of fact to find that Cheeves was guilty beyond a reasonable doubt. *Tucker v. State,* 244 Ga. 721 (261 SE2d 635) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 18, 1981.

*Kenneth D. Kondritzer,* for appellant.
*H. Reginald Thompson, District Attorney, Richard A. Malone, W. Stephen Askew, Assistant District Attorneys,* for appellee.