74949. PEOPLES et al. v. THE STATE.
(361 SE2d 848)

CARLEY, Judge.

Appellants were co-indicted for armed robbery. They were jointly tried before a jury and found guilty. Appellants appeal from the judgments of conviction and sentences entered on the guilty verdicts.

1. Appellants enumerate the general grounds. The indictment alleged, in relevant part, that appellants "did unlawfully, with the intent to commit theft, take from the person and immediate presence of [the victim] the following property, to wit: fifty dollars in money, . . . by intimidation and by use of a pistol; the same being an offensive weapon. . . ." At trial, the victim testified that, prior to the robbery, there was $50 in his wallet and that his wallet was in his pocket. Having been knocked unconscious during the course of the robbery, the victim was unable to give direct testimony that appellants had removed his wallet from his pocket. However, the victim did testify that his wallet and some of its contents were found on the ground where the robbery had taken place. An eyewitness to the robbery testified that appellants had pulled an unidentifiable object out of the victim's pocket. This was sufficient evidence to authorize a finding that appellants had unlawfully taken the victim's wallet and the $50 that it contained. To authorize a conviction under the indictment, the State was not required to prove that appellants had ever removed the $50 from the victim's wallet. "Under OCGA § 16-8-41 . . . '[t]he slightest change of location whereby the complete dominion of the property is transferred from the true owner to the trespasser is sufficient asportation' to meet the statutory criterion. [Cits.]" *Glidewell v. State*, 169 Ga. App. 858, 859 (1) (314 SE2d 924) (1984). "It is not required that the property taken be permanently appropriated. [Cit.]" *James v. State*, 232 Ga. 834, 835 (209 SE2d 176) (1974). After reviewing the evidence in the light most favorable to the verdict, we find that the State produced sufficient evidence from which a rational trior of fact could find proof of appellants' guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During the cross-examination of Peoples, he was asked a question which he contends placed his character into issue. However, appellant's counsel made no objection to the question and appellant answered it. Not until appellant's cross-examination was completed did his counsel move for a mistrial, contending that the question, which had long since been asked and answered, had placed appellant's character into issue. The denial of the motion for mistrial is enumerated

as error by appellant Peoples.

"A mistrial will not lie where the evidence is admitted without objection. [Cit.]" *McCormick v. State*, 152 Ga. App. 14, 15 (2) (262 SE2d 173) (1979). See also *Bennett v. State*, 165 Ga. App. 600, 601 (3) (302 SE2d 367) (1983). Moreover, "a motion for mistrial which is not made at the time the questions objected to are answered is not timely and will be considered as waived because of the delay in making it. [Cits.]" *Dye v. State*, 177 Ga. App. 824, 825 (341 SE2d 314) (1986). This enumeration is without merit.

*Judgments affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 2, 1987.

*Jerry Boykin*, for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Henry M. Newkirk, Assistant District Attorneys*, for appellee.