A92A2199. COLSTON v. THE STATE.
(423 SE2d 714)

McMURRAY, Presiding Judge.

Defendant Colston appeals his conviction of the offense of armed robbery. *Held*:

1. Defendant enumerates as error the admission into evidence of out-of-court and in-court identification of defendant as the perpetrator of the armed robbery. There were two witnesses who gave the identification evidence at issue.

Witness Davis worked the graveyard shift, from 10:00 p.m. to 6:00 a.m., as cashier at the Pumpkinvine Country Store. At approximately 11:00 p.m. on January 4, 1990, Davis was working alone, cleaning out the donut case, when the perpetrator entered the store pulling down a stocking over his face as he entered. The perpetrator pulled a gun, put it to Davis' head, and ordered Davis to give him all of the money. Davis was forced over to the cash register which he opened. The perpetrator proceeded to take the money from the cash register. While the perpetrator was taking the cash Davis realized that the gun was not real, so he reached his arms around the perpetrator and tried to stop him. The perpetrator escaped Davis' grasp and again threatened him with the gun, but Davis told him he had better leave because he was calling the police. Davis walked to the telephone and

called the police and the perpetrator went out the door and ran into the woods.

Witness Lawrence was outside of the Pumpkinvine Country Store waiting to use the telephone when she noticed an individual leaning against a tree across the parking lot. Lawrence observed this individual walk back and forth outside the store for more than five minutes before he entered the store. The parking lot outside the store was well lighted and Lawrence looked directly at the individual's face shortly before he entered the store. Shortly thereafter, Lawrence heard a noise and the individual came running out of the store.

Three weeks following the robbery both witnesses identified defendant as the perpetrator from a photographic line-up. Lawrence also identified defendant at trial. Defendant suggests that the photographic array was impermissibly suggestive because of the different backgrounds of the pictures, different sizes of the photographs and the fact that defendant's photograph was the second largest. However, as acknowledged by defendant, this contention has been rejected in *Cheeves v. State*, 157 Ga. App. 566 (1) (278 SE2d 148). See also *Graham v. State*, 171 Ga. App. 242, 253 (11) (319 SE2d 484).

The trial court correctly determined that the pretrial identification was in no way tainted because the procedure was not suggestive. Only if the identification procedure was suggestive need the trial court address the second prong of the test set out in *Neil v. Biggers*, 409 U. S. 188, 196, 201 (93 SC 375, 34 LE2d 401), that is, whether there was a substantial likelihood of irreparable misidentification. In the case sub judice, the trial court having properly determined that the identification procedure was not suggestive did not err in concluding that it need not address the second prong of the test. *Killens v. State*, 184 Ga. App. 717, 720 (3) (362 SE2d 425). It follows that defendant's arguments predicated on the factors to be considered under the second prong of the test are not germane to the issues involved in this case. This enumeration of error is without merit.

2. Defendant's remaining enumeration of error contends that the evidence is not sufficient to authorize his conviction. "On appeal the evidence must be viewed in the light most favorable to the verdict, and [the] appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cits.]" *Ross v. State*, 195 Ga. App. 624 (1) (394 SE2d 418). Viewed in this light, the record reveals sufficient evidence from which a rational trier of fact could have found defendant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S 307 (99 SC 2781, 61 LE2d 560); *Hall v. State*, 204 Ga. App. 469, 473 (5) (419 SE2d 503).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED OCTOBER 9, 1992.

*David L. Cannon,* for appellant.
*Garry T. Moss, District Attorney, Cecelia V. Moutoux, Assistant District Attorney,* for appellee.