A95A0944. BREWER v. THE STATE.
(463 SE2d 906)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with child molestation and burglary. The evidence adduced at his jury trial showed that Investigator Sergeant Richard O. McCann, Jr. of the Richmond County Sheriff's Office was dispatched to 1801 Harcourt Drive "in reference to a burglary, possible criminal attempt rape." There, the 12-year-old victim "described the suspect as a white male, late twenties, fairly heavy, brownish blonde, or golden hair down to his shoulders." This description was corroborated by 12-year-old Tabatha Grooms. Each girl examined a six-person photographic lineup and "identified the picture [of defendant]."

The victim testified that while she was spending the night with her friend, Tabatha Grooms, "Tabatha just happen [sic] to glance at the window and she calmly said, she said, 'There's a man at my window,' and we didn't panic or anything, we just went under the covers." This man "was wearing glasses and he had sort of a light brown, brown colored hair. . . ." He "had his hands cupped towards the window [about a minute or two] . . . and then he went away, he just walked away. . . ." The girls "had the curtains opened and the street

light was shining in and it lit up the room pretty much." The victim was hiding "under the covers but [she] could see through and [she] said, 'Oh Tabatha, he's here again.' " The girls "didn't hear a [front] door open [. . . but] heard the noise of Tabatha's sister's door, . . . cause it makes a popping noise and then it creaks open. . . ." "And then he opened our door [but just . . .] a little bit and then he would wait a little bit and then open it more then he came in[.]" The victim "heard something jingling, a belt or something, and then he pulled the covers off of me and then he laid on top of me." The perpetrator said to the victim, " 'If you scream, talk, or move, I'll kill you.' Tabatha heard this, too." The victim "looked over at Tabatha real quick and then . . . looked back at him and then [she] just started screaming and . . . kicking and then he jumped up and . . . ran out." The victim affirmed that "he was naked from the waist down," when he got on top of her. She also affirmed that "the person that was lay-ing on top of [her was] the same person that [she] saw in the window" and identified defendant in court as that person. Tabatha Grooms also testified to these events, adding that, after the perpetrator jumped up from her bed, she "heard a rustle like . . . when you put on clothes." Tabatha Grooms was certain defendant was the perpetra-tor, "because when I saw him, . . . this had never happened to me before, and then I got his face, it was like burned in, . . . I'll never forget it."

The jury found defendant guilty of both charges. The judgment of conviction and sentences were entered on March 4, 1993. New counsel was appointed on behalf of defendant, and permission was granted to file an out-of-time motion for new trial. That motion was denied, and this appeal followed. *Held*:

1. Defendant's first two enumerations raise the general grounds.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the [defendant] no longer enjoys the presumption of innocence; moreover, an appel-late court does not weigh the evidence or determine witness credibil-ity but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204); *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381)." *Dolphus v. State*, 218 Ga. App. 565 (462 SE2d 453). " 'Conflicts in the testimony of the wit-nesses, including the (S)tate's witnesses, is a matter of credibility for the jury to resolve. (Cits.) As long as there is some (competent) evi-dence, even though contradicted, to support each fact necessary to make out the (S)tate's case, the jury's verdict will be upheld. (Cit.)' *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311)." *Grier v. State*, 218 Ga. App. 637 (1) (463 SE2d 130). "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. Thus,

although defendant in the case sub judice testified in his own defense that he was nowhere near the scene because his 1979 Monte Carlo automobile ran out of gas at Willis Foreman Road, the eyewitness evidence from the two girls is sufficient to establish identity. The jury was authorized to infer "from the fact that defendant exposed himself to a child that he had the intent to arouse or satisfy his sexual desires." *Andrew v. State*, 216 Ga. App. 427, 428 (454 SE2d 542). It follows that defendant unlawfully entered the residence with felonious intent. Consequently, the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307, supra, to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of the burglary and child molestation as alleged in the indictment.

2. In his third enumeration, defendant contends the trial court erred in allowing the introduction of State's Exhibit 2, the photographic lineup, arguing that, because his photograph contains the signatures of the victim and Tabatha Grooms on the back, they constitute "continuing witnesses." This contention is controlled adversely to defendant and is consequently without merit. *Allison v. State*, 213 Ga. App. 195, 196-197 (2) (444 SE2d 347); *Parks v. State*, 199 Ga. App. 736, 738 (2) (406 SE2d 229). Moreover, it appears that this specific objection has been waived for failure to object at trial. *Walker v. State*, 216 Ga. App. 236, 237 (2) (454 SE2d 156).

3. In a similar vein, defendant contends that the photographic lineup that is State's Exhibit 2 amounts to impermissible character evidence of extrinsic criminal acts, because defendant's photograph is signed or initialed by two additional persons on the date "8/13/92," i.e., two days after the victim and Tabatha Grooms selected defendant's photograph. Although the better practice, by far, is for the State's Attorney to redact such arguable indications of extrinsic crimes on its own initiative, we hold that the grounds urged in this enumeration have not been preserved for appellate review. This exhibit was admitted with "[n]o objection" at trial. "Where an objection to evidence ' "is raised (for the first time) in a motion for new trial or before this court, nothing is presented for review. . . . (Cits.)" (Cit.)' *Fitzgerald v. State*, 193 Ga. App. 76, 77 (5) (386 SE2d 914) (1989)." *Jackson v. State*, 209 Ga. App. 53, 55 (5) (432 SE2d 649).

4. The fifth enumeration contends the trial court erred in failing to grant a mistrial after an alleged comment on defendant's right to remain silent. The transcript shows the following transpired: "[STATE'S ATTORNEY:] All right, what did you do after the girls identified the Defendant from the photo lineup? [SERGEANT INVESTIGATOR McCANN:] An arrest warrant was issued to [defendant]. [STATE'S ATTORNEY:] Do you have any further involvement with the case after this? [SERGEANT INVESTIGATOR McCANN:] None other than the fact that he was arrested and after being

Mirandized by myself and Investigator Hatfield, he requested an attorney. [STATE'S ATTORNEY:] Okay, thank you, I have no further questions at this time." Thereafter, defense counsel began cross-examination of Sergeant Investigator McCann, without moving for a mistrial or requesting any curative instructions.

" 'Evidence as to silence on the part of the defendant at the time of his arrest should be excluded when objected to, for he is then entitled to remain silent, and the prosecution may not use against him the fact that he stood mute or claimed his privilege. (Cit.)' *Reid v. State*, 129 Ga. App. 660, 664 (5) (200 SE2d 456). 'Improper reference to a defendant's silence, however, does not automatically require reversal. (Cits.)' *Hill v. State*, 250 Ga. 277, 283 (4a) (295 SE2d 518)." *Sims v. State*, 213 Ga. App. 151, 152 (2) (444 SE2d 121). " 'A mistrial will not lie where[, as in the case sub judice,] the evidence is admitted without objection. (Cit.)' *McCormick v. State*, 152 Ga. App. 14, 15 (2) (262 SE2d 173) (1979). See also *Bennett v. State*, 165 Ga. App. 600, 601 (3) (302 SE2d 367) (1983)." *Peoples v. State*, 184 Ga. App. 439 (2), 440 (361 SE2d 848). Since defendant made no contemporaneous motion for mistrial at the time the comments were given, any valid objection thereto " 'will be considered as waived because of the delay in making it. (Cits.)' *Dye v. State*, 177 Ga. App. 824, 825 (341 SE2d 314) (1986)." *Peoples v. State*, 184 Ga. App. 439 (2), 440, supra.

5. Defendant next contends the trial court erred in failing to give his written request to charge on criminal trespass as a lesser offense included in the indicted offense of burglary. The State replies in its brief that no such instruction was necessary because, " '[w]here the uncontradicted evidence shows completion of the greater offense, the charge on the lesser offense is not required.' *Lemon v. State*, 161 Ga. App. 692, 289 SE2d 789 (1982)."

" 'In *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550), the Georgia Supreme Court expressly disapproved of that line of authority which had held that a lesser-included offense need not be charged unless the evidence showed that the defendant was guilty *only* of the lesser crime, and held that "the correct rule is that a written request to charge a lesser included offense must *always* be given if there is *any* evidence that the defendant is guilty of the lesser offense." (Emphasis supplied.)' *Galbreath v. State*, 213 Ga. App. 80, 81 (1) (443 SE2d 664)." *King v. State*, 214 Ga. App. 311, 312 (2) (447 SE2d 645). In the case sub judice, however, defendant's evidence of alibi does not reasonably raise the inference that he unlawfully entered the home with a less culpable mental state of mind than the felonious intent of a burglar as charged in the indictment. OCGA § 16-1-6 (1). See also *Sloan v. State*, 214 Ga. App. 784, 786 (3) (449 SE2d 328).

6. In the seventh enumeration, defendant contends the trial court erred in denying his pretrial motion to suppress identification testi-

mony based upon the photographic lineup. He argues the photographic lineup was impermissibly suggestive because "the picture tone of his photograph in the six-person array was demonstrably lighter than the other five persons." He further claims that the in-court identification process was "tainted because a police officer told the two [girls . . .] that they had chosen the Defendant and that he would be arrested."

Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification. *McCoy v. State*, 237 Ga. 62, 63 (226 SE2d 594). The test of a photographic array involves "a two-step inquiry: (1) whether there was an impermissibly suggestive photographic identification procedure, and (2) if so, whether under the totality of the circumstances this resulted in a substantial likelihood of irreparable misidentification." (Citations and punctuation omitted.) *Jackson v. State*, 209 Ga. App. 53 (1), 54, supra. We have examined the array which is included in the record and find the persons there depicted to be of roughly similar age and appearance. The witnesses independently identified defendant's photograph as the perpetrator out of the immediate presence of the other and without being coached by the police. The contention that the shading and tone of defendant's photograph made this photographic identification procedure unduly suggestive is without merit. *Cheeves v. State*, 157 Ga. App. 566 (1) (278 SE2d 148). "Since the pre-indictment lineup procedures were *not* impermissibly suggestive, so as to lead the witnesses to an 'all but inevitable' identification of [defendant], he has failed to establish even the first prong of the relevant inquiry. *Sparks v. State*, [185 Ga. App. 225, 226 (2) (363 SE2d 631)]. The trial court did not err in denying the motion to exclude from evidence the eyewitness identification testimony. *Newkirk v. State*, 155 Ga. App. 470, 472 (2) (270 SE2d 917) (1980)." *Jackson v. State*, 209 Ga. App. 53 (1), 54, supra. The additional argument that the *in-court* identification of defendant is tainted by Sergeant Investigator McCann's statement to the victim "[r]ight after [her] interview, . . . that he [defendant] had been arrested for this," is not reasonably encompassed within the error as enumerated. Consequently, it cannot be considered. *Stanley v. State*, 195 Ga. App. 706, 707 (2) (394 SE2d 785).

7. Defendant's final enumeration contends he was denied effective assistance of counsel, because trial counsel "failed to object to the admissibility of State's Exhibit 2, the photograph of [defendant], which effectively implicated him in other crimes."

"To succeed on an ineffective assistance of counsel claim, [defendant] must show that trial counsel's performance was deficient and

that it prejudiced [the defense] so as to deprive [the accused] of a fair trial. [Cit.] There is a strong presumption that trial counsel's performance 'falls within the wide range of reasonable professional assistance' and that any challenged action ' "might be considered sound trial strategy." ' [Cit.]" *Earnest v. State*, 262 Ga. 494, 496 (5) (422 SE2d 188).

There is no transcript of any evidentiary hearing on this special ground for new trial, and the trial court's order denying the motions recites only that the "amended motion for new trial having been presented to the Court for consideration, the same is hereby DE-NIED." In support of defendant's amended motion for new trial, appellate counsel never summoned trial counsel to testify and explain or justify trial counsel's failure to object to the extraneous signatures on the back of defendant's photograph in the police photographic lineup.

"[T]he acknowledged constitutional right to assistance of counsel guarantees 'not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and [actually] rendering reasonably effective assistance.' *MacKenna v. Ellis*, 280 F2d 592, 599 (5th Cir. 1960); *Pitts v. Glass*, 231 Ga. 638, 639 (203 SE2d 515) (1974)." (Emphasis omitted.) *Johnson v. Zant*, 249 Ga. 812 (1) (295 SE2d 63). "In the absence of [evidence] to the contrary, counsel's actions are presumed strategic. *Stanley v. Zant*, 697 F2d 955 (11th Cir. 1983), cert. denied, 467 U. S. 1219 (1984)." *Earnest v. State*, 262 Ga. 494, 496 (5), supra. It is acceptable trial strategy to avoid drawing the jury's attention to unfavorable matters, such as the pendency of other charges. In the case sub judice, the trial court was authorized to conclude that defendant had failed to overcome the strong presumption that the assistance actually rendered fell within that broad range of reasonably effective assistance that members of the bar in good standing are presumed to render. *Shaw v. State*, 211 Ga. App. 647, 649 (2) (440 SE2d 245).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED OCTOBER 20, 1995 —
RECONSIDERATION DENIED NOVEMBER 6, 1995.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.