## A01A0738. STEELE v. THE STATE.
(546 SE2d 547)

ELDRIDGE, Judge.

A Cobb County jury convicted Richard Allen Steele of two counts of child molestation and two counts of aggravated child molestation for acts he perpetrated against his victims, two minor children, C. W. and S. P., respectively. He was sentenced to concurrent sentences of 25 years to serve as to each count of aggravated child molestation and consecutively to concurrent sentences of 15 years to serve probated as to each count of child molestation. The defendant appeals from the superior court's denial of his motion for new trial, as amended, contending that the superior court: (1) erred in refusing to

charge OCGA § 24-9-85,[1] and (2) erred in admitting his admission to the polygraph examiner after taking a lie detector test that, on at least one occasion, he and S. P. slept in the same waterbed together in his home. Finding these claims of error to be without merit, we affirm. *Held*:

1. The trial court properly denied the defendant's request to charge under OCGA § 24-9-85 (b). "OCGA § 24-9-85 (b) is applicable where the witness admits that he wilfully and knowingly swore falsely, or where the testimony is such as to render the purpose to falsify manifest." (Citations and punctuation omitted.) *Perguson v. State*, 221 Ga. App. 212, 215 (2) (470 SE2d 909) (1996). A credibility charge does not satisfy the principle embodied in OCGA § 24-9-85. Id.; *Blount v. State*, 172 Ga. App. 120, 122 (4) (322 SE2d 323) (1984). However, where knowing, false testimony is not admitted, as here, the question of whether the complained-of testimony evidences a manifest intent to testify falsely is an issue of credibility for the jury. *Fugitt v. State*, 256 Ga. 292, 298 (6) (348 SE2d 451) (1986).

The defendant variously argues that the testimony of the victims showed that they had a motive to falsify their testimony, i.e., S. P. to obtain early release from boot camp and C. W. presumably to bolster S. P.'s accusations as a close friend. This testimony demanded a charge on the credibility of witnesses to be sure. As in the nature of mere conjecture or speculation, however, the possibility of a motive to testify falsely does not evidence a manifest purpose to do so. See *Perguson v. State*, supra. Neither does it establish that the victims' testimony was wilfully or knowingly false. Id. Accordingly, the victims' credibility was for the jury to determine under a proper instruction from the court. Id. As the trial court gave such an instruction, it did not err in denying the request to charge on OCGA § 24-9-85 (b).

2. Neither did the trial court err by admitting defendant's post-polygraph, noncustodial statement admitting that he had, on at least one occasion, slept in the same bed with S. P. "[A]dmissions which are otherwise competent and admissible are not to be excluded simply because the admissions were made after the taking of a lie detector test." *Drane v. State*, 265 Ga. 255, 258 (5) (455 SE2d 27) (1995). Accord *Smith v. State*, 265 Ga. 570, 571 (2) (459 SE2d 420) (1995). That some confusion of record exists as to whether defendant made the complained-of statement before or after the test[2] is immaterial in

---

[1] OCGA § 24-9-85 (b) provides: "If a witness shall willfully and knowingly swear falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence."

[2] In testimony at a pre-trial suppression hearing, the polygraph examiner settled the confusion regarding whether the defendant made the complained-of statement pre- or post-test, stating that he believed the statement was made after the second of the three tests of which the polygraph examination consisted.

that the same rule applies in either situation. *Drane v. State*, supra at 259; *Williams v. State*, 144 Ga. App. 130, 135 (240 SE2d 890) (1977). In any event, the record reflects that before making his statement, the defendant had been given his *Miranda* warning and signed a waiver of rights form. There is no evidence that the defendant misunderstood his rights or that he gave his statement involuntarily. The court granted defendant's motion to suppress, foreclosing any comment making reference to the polygraph examination, and the defendant does not complain of any. Under these circumstances, the statement at issue was properly admitted in evidence.

3. Finally, reviewed in the light most favorable to the verdict, *Singleton v. State*, 231 Ga. App. 694 (1) (500 SE2d 411) (1998), the record shows that the victim children testified as to the acts of child molestation and aggravated child molestation performed on them as alleged in the indictment — S. P. describing in detail aggravated child molestation by anal and oral sodomy on separate occasions and C. W. in a like manner describing child molestation by the defendant touching C. W.'s penis and buttocks with his hand on one occasion and, on another, by defendant's touching and rubbing his penis on C. W.'s buttocks. Although the defendant denied the charges in the pre-trial statement he made to police upon initially being interviewed, on appeal "all conflicts [are] resolved in favor of the verdict. *Self v. State*, 208 Ga. App. 447, 448 (431 SE2d 126) (1993)." *Metts v. State*, 210 Ga. App. 197 (1) (435 SE2d 525) (1993). " ' "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8.' [Cit.]" *Weeks v. State*, 220 Ga. App. 141, 143 (2) (469 SE2d 316) (1996). The evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the offenses for which he was convicted and sentenced. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Metts v. State*, supra.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED MARCH 5, 2001 — 

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Patrick H. Head, District Attorney, Eleanor A. Kornahrens, Dana J. Norman, Assistant District Attorneys*, for appellee.