## S04A0916. BREWER v. HALL.
(603 SE2d 244)

FLETCHER, Chief Justice.

Michael Brewer was convicted by a Richmond County jury in 1993 of burglary and child molestation, and received a twenty-year sentence. His convictions were affirmed on appeal.[1] In 2001, Brewer filed a petition for a writ of habeas corpus, alleging that he had been denied the effective assistance of appellate counsel. The habeas court denied Brewer's petition, but this Court granted Brewer's application for a certificate of probable cause, and remanded to the habeas court for reconsideration of Brewer's arguments under the standard enunciated in *Shorter v. Waters*.[2] On remand, the habeas court again denied Brewer's petition, and this Court again granted his application for a certificate of probable cause. We conclude that although Brewer's appellate counsel acted deficiently, Brewer was not denied effective appellate representation because he suffered no prejudice as a result of his counsel's deficient performance. Accordingly, we affirm the order of the habeas court denying Brewer's petition for habeas relief.

1. In order to succeed on his claim of ineffective assistance of appellate counsel, Brewer must show that his appellate counsel acted deficiently, and that but for that deficient conduct, he would have been awarded a new trial.[3] In this case, Brewer alleges that both his trial counsel as well as his appellate counsel were deficient, and that

[1] *Brewer v. State*, 219 Ga. App. 16 (463 SE2d 906) (1995).

[2] 275 Ga. 581 (571 SE2d 373) (2002).

[3] *Sloan v. Sanders*, 271 Ga. 299, 300 (519 SE2d 219) (1999).

but for his appellate counsel's deficient performance, he would have been granted a new trial on the basis of trial counsel's deficient performance.

During Brewer's trial for burglary and child molestation, two allegedly improper evidentiary admissions occurred. First, a photograph was admitted containing two extraneous signatures that arguably placed Brewer's character in issue. Second, a police officer made an improper reference to Brewer's assertion of his right to remain silent. On appeal, Brewer's appellate counsel argued that these errors entitled Brewer to a new trial, but the appellate court declined to address those arguments because his trial counsel had failed to object to the evidentiary admissions.[4] Thus, neither issue was preserved for appeal.

Brewer also asserted on appeal that his trial counsel acted deficiently by failing to preserve the alleged errors for appeal. But because appellate counsel failed to request or conduct an evidentiary hearing at the motion for a new trial, the appellate court was unable to determine whether trial counsel's failure to object constituted deficient performance or trial strategy.[5] Accordingly, because Brewer could not show that his trial counsel acted deficiently, the appellate court did not address whether Brewer was prejudiced by trial counsel's failure to preserve the issues for appeal. Thus, no court has ever determined whether the alleged errors that occurred during his trial would have entitled Brewer to a new trial had they been properly preserved for appellate review.

The habeas court concluded that appellate counsel was deficient for failing to request an evidentiary hearing at which he could have questioned trial counsel about his reasons for failing to object to the errors at trial. We agree. No reasonable appellate attorney would effectively sacrifice his client's ineffective assistance of trial counsel argument by failing to present the testimony of trial counsel regarding the reasons underlying his decisions.

But a determination that appellate counsel acted deficiently is only the first step in the analysis. In order to prevail on his ineffective assistance claim, Brewer must also show that but for the deficient performance, he would have been entitled to a new trial. In this case, Brewer must show that but for his appellate counsel's failure to present the testimony of trial counsel, Brewer would have prevailed on his claim that he was denied the effective assistance of trial counsel. Thus, he must show that had trial counsel testified at an

---

[4] *Brewer*, 219 Ga. App. at 18-19.
[5] Id. at 21.

evidentiary hearing, the failure to preserve the errors would have been deemed deficient performance, and the errors would have been classified as reversible errors.

The habeas court concluded that given the facts adduced at trial, it was very unlikely that the trial court or court of appeals would have ordered a new trial even if trial counsel had properly objected and preserved the evidentiary errors for appeal. We agree.

After reviewing the record, we conclude that even if we give Brewer the benefit of the doubt and assume that trial counsel's failure to preserve the issues was deficient performance rather than strategic choice, the errors would not have changed the result of the trial or required a new trial. We will analyze each error in turn.

2. First, trial counsel failed to object when the State submitted a lineup photograph to the jury containing the signatures of two people other than the victims on the back. Although we agree with the appellate court that "the better practice, by far, is for the State's Attorney to redact such arguable indications of extrinsic crimes on its own initiative,"[6] we find that the signatures in no way placed Brewer's character in issue.[7] The signatures gave the jury no indication that Brewer had been guilty of other crimes.[8] Further, Brewer has not shown how the failure to redact the extraneous signatures in any way contributed to the verdict.[9]

3. Second, trial counsel failed to object when a police officer testified that Brewer requested an attorney after being arrested, which arguably implied that he had invoked his right to remain silent. During questioning by the State's attorney, the police officer stated that "[Brewer] was arrested and after being Mirandized by myself and Investigator Hatfield, he requested an attorney."

In *Doyle v. Ohio*,[10] the U. S. Supreme Court ruled that it is a violation of the defendant's due process rights for the State to comment on the defendant's invocation of his right to remain silent. Because this error involves the defendant's constitutional rights, the defendant would be entitled to a new trial unless the error is harmless beyond a reasonable doubt.[11] "The determination of harmless error must be made on a case by case basis, taking into consideration the facts, the trial context of the error, and the prejudice created thereby

---

[6] Id. at 18.

[7] *Gravitt v. State*, 239 Ga. 709, 712 (239 SE2d 149) (1977).

[8] See, e.g., *Fleming v. State*, 236 Ga. 434, 439 (224 SE2d 15) (1976); *Johnson v. State*, 236 Ga. 616 (2) (225 SE2d 14) (1976); *Woodard v. State*, 234 Ga. 901 (2) (218 SE2d 629) (1974).

[9] *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

[10] 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976).

[11] *Rowe v. State*, 276 Ga. 800, 804 (582 SE2d 119) (2003).

as juxtaposed against the strength of the evidence of defendant's guilt."[12]

An examination of the context in which this error occurred shows that it is very unlikely to have affected the verdict. Unlike cases like *Doyle* in which the State's attorney highlighted the defendant's silence before the jury,[13] in this case a police officer gratuitously offered a non-responsive comment during direct examination about the circumstances surrounding Brewer's arrest. The State's attorney made no effort to draw the jury's attention to the officer's comment or to convince the jury to infer guilt from Brewer's post-arrest conduct.[14] In fact, the police officer's comment did not explicitly illustrate Brewer's refusal to talk or assertion of his right to remain silent. Accordingly, analyzing the comment in context, it is very unlikely to have had any impact on the jury's determination of guilt.

Further, the evidence of Brewer's guilt was strong. Brewer was charged with child molestation and burglary after he broke into a house and made forcible sexual advances on a twelve year old girl. The victim's friend, also a twelve year old girl, witnessed the incident. Both girls identified Brewer as the perpetrator in separate photographic lineups. The girls testified that they had observed the defendant at their well-lit window for at least a minute before he came in the house, and later identified him at trial.

We conclude that the improper testimony from the police officer in this case was harmless beyond a reasonable doubt, and that Brewer was not prejudiced by his trial counsel's failure to object to the testimony. Therefore, Brewer cannot show that he was denied the effective assistance of trial counsel or appellate counsel.

Accordingly, because trial counsel's purported deficient performance caused Brewer no prejudice, appellate counsel's failure to illustrate trial counsel's deficient performance at an evidentiary hearing also caused Brewer no prejudice. Therefore, Brewer was not denied the effective assistance of trial or appellate counsel, and we affirm the order of the habeas court.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004 —
RECONSIDERATION DENIED OCTOBER 25, 2004.

Michael Brewer, *pro se.*

---

[12] *Hill v. State*, 250 Ga. 277, 283 (295 SE2d 518) (1982).
[13] *Doyle*, 426 U. S. at 611.
[14] See *Cape v. State*, 246 Ga. 520, 522-523 (272 SE2d 487) (1980).

*Thurbert E. Baker, Attorney General, Andrette Watson, Assistant Attorney General,* for appellee.