A05A1800. HINES v. THE STATE.
(626 SE2d 601)

BERNES, Judge.

A Fulton County jury found Larry Hines guilty of aggravated child molestation. On appeal from the denial of his amended motion for new trial, Hines contends that he received ineffective assistance from his trial counsel. Hines claims that his trial counsel should have objected when the police detective who interviewed him purportedly commented on his decision to remain silent. Finding no prejudicial error, we affirm.

Viewed in the light most favorable to the verdict, the evidence adduced at trial shows that on July 16, 2002, Anita Mack and her eight-year-old son R. M. paid a social visit to Hines at his apartment. Mack and Hines began drinking alcohol. As they drank, Hines forced R. M. to sit in his lap. While Mack went outside to smoke a cigarette, Hines kissed R. M. in the mouth with his tongue. R. M. ran outside the

---

[6] See *Wallick*, supra at 488.
[7] Id. at 488-489.
[8] See id.

apartment and told his mother what Hines had done to him. After hearing what had happened, Mack decided to go across the street and purchase more cigarettes and told R. M. to wait there.

After R. M. watched Mack enter the convenience store across the street, he went back inside Hines' apartment. Hines told R. M. to pull down his pants. When R. M. refused, Hines pulled them down himself. Hines then got on his knees, placed R. M.'s penis into his mouth, and began to "move[ ] back and forth." When Mack returned to the apartment, she found Hines kneeling in front of R. M., performing oral sex on him.

1. At trial, both R. M. and Mack testified on behalf of the State. Although Hines does not raise the general grounds, we conclude, after reviewing the evidence in the light most favorable to the jury's verdict, that any rational trier of fact could have found Hines guilty of aggravated child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Steele v. State*, 248 Ga. App. 441, 443 (3) (546 SE2d 547) (2001).

2. Hines contends that the trial court should have concluded that he received ineffective assistance from his trial counsel. His sole claim of ineffective assistance is that his trial counsel should have objected to certain comments made by a Fulton County police detective during cross-examination.

> To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense. The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.

(Footnotes omitted.) *Rose v. State*, 258 Ga. App. 232, 234-235 (2) (573 SE2d 465) (2002). See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Hines carries the burden of establishing his ineffective assistance claim. *Buice v. State*, 239 Ga. App. 52, 59 (6) (520 SE2d 258) (1999).

With these principles in mind, we turn to the evidence of record relevant to Hines' ineffective assistance claim. During the course of its case-in-chief, the State called a Fulton County detective who participated in the custodial interview of Hines following his arrest. On direct examination, the detective testified that Hines had been given his *Miranda* warnings and had consented to speak to law enforcement officers without an attorney present. The detective further testified that during the course of the custodial interview,

certain inconsistencies became apparent in how Hines responded to the questions posed to him. For example, the detective testified that when the officers began the interview by asking Hines general questions about his past, "he had no trouble at all remembering things from 1965 and 1966 when he was in the military." In contrast, whenever the officers asked Hines critical questions about what had occurred with R. M. only a few hours earlier, Hines would have a "memory lapse" and would make comments such as "Why can't I remember[?] Why can't I remember?"

On cross-examination, the detective conceded that Hines had expressly denied committing the crime during the custodial interview. After making this concession, however, the detective then commented on how Hines responded at other points during the interview when the officers directly accused him of committing the offense. The colloquy between defense counsel and the detective was as follows:

> [DEFENSE COUNSEL]: Now let's turn to the interview that you conducted with my client. Throughout that interview I think you all asked several times about whether or not this incident occurred. Did he, in fact, state that he had not committed this act?
> [DETECTIVE]: Yes, he did. If I can elaborate also. Near the end of his interview he did state that I did not do what I'm being accused of. However, throughout the interview — that was at the very end — throughout the interview there was probably eight to ten times, I'm guesstimating, that we directly accused him of either performing oral sex, molestation, and he had no response whatsoever. It was an indication to us as interviewers that if I accuse you of something that you feel you didn't do, then that's what your response would be, to say I did not do it. He never directly responded to I did not do it when we directly accused him of molestation.
> [DEFENSE COUNSEL]: He told you at some point in that interview that he did not commit this act, correct?
> [DETECTIVE]: Right, outside of direct accusations, in conversation he did.

Thereafter, in her closing argument, defense counsel argued that the detective's testimony showed that Hines had fully cooperated with law enforcement by agreeing to speak with them without an attorney present and that he had expressly denied committing the offense during his custodial interview. In contrast, in his closing argument, the assistant district attorney emphasized other portions of the detective's testimony:

But when one person experiences something, that person should be able to tell you without any inconsistencies in their story. Think about that. One man being asked questions by a police officer, yeah, he volunteered, he waived his right, he waived his rights, he agreed to talk to them, he cooperated up until the point when they started asking him about . . . what happened. Why can't I remember? Why can't I remember? Total inconsistencies in one person's story. . . . You should be able to remember a few hours before if someone is going to accuse you of child molestation; you should be able to tell them you cooperated. You should be able to tell them.

The assistant district attorney later reiterated: "[A]sk yourself[,] why couldn't [Hines] remember any of the events surrounding the allegations?"

On appeal, Hines argues that the detective's testimony on cross-examination violated *Doyle v. Ohio*, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976) because it constituted an impermissible comment upon his decision to remain silent. He contends that, as a consequence, defense counsel's failure to object to the testimony was objectively unreasonable and constituted deficient performance. Hines further claims that defense counsel's failure to object was prejudicial because the assistant district attorney purportedly called attention to the detective's testimony during closing argument, and because the evidence of his guilt allegedly was not overwhelming.

We agree with Hines that the comments made by the detective on cross-examination were improper and that defense counsel's failure to object to the comments constituted deficient performance.

It is fundamentally unfair and a violation of due process of law for a State to permit cross-examination of a defendant as to post-arrest silence where the defendant has been informed of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), or to permit comment thereon, since the giving of the *Miranda* warnings might induce silence by implicitly assuring a defendant that his silence will not be used against him. *Doyle v. Ohio*, 426 U. S. 610[;] *Clark v. State*, 237 Ga. 901 (230 SE2d 277) (1976). See also *Bennett v. State*, 254 Ga. 162 (4) (326 SE2d 438) (1985).

*Chapman v. State*, 263 Ga. 393, 393-394 (1) (435 SE2d 202) (1993). Furthermore, in *Durden v. State*, 250 Ga. 325, 327-328 (3) (297 SE2d 237) (1982), the Court held that a police officer's testimony that the defendant answered certain questions asked of him by the police

during a post-arrest interview, but gave no response to other critical questions, violated the rule set forth in *Doyle*.

In the present case, Hines had been *Mirandized* but chose to answer certain questions posed by the detective while declining to answer others. Like in *Durden*, the detective testified to the fact that at certain points during the custodial interview, Hines "had no response whatsoever" when asked critical questions about the alleged crime. The detective went further by giving his explicit opinion about the significance of Hines' failure to respond. And, while under certain circumstances a witness may be entitled to testify that a defendant remained silent when the defense "opens the door" to such testimony,[1] that was not the case here, where the detective volunteered additional information beyond the scope of the question posed by defense counsel. As such, the detective's comments clearly were inappropriate and inadmissible. See *Durden*, 250 Ga. at 327-328 (3). Accordingly, defense counsel's failure to object to the detective's comments or to request that they be stricken constituted deficient performance.

In reaching this conclusion, we reject the State's contention that defense counsel's failure to object to the improper comments was a matter of trial strategy. Defense counsel explained during the hearing on Hines' motion for a new trial that she had not objected to the detective's comments because she had not interpreted the comments as reflecting upon or implicating Hines' assertion of his right to remain silent. Defense counsel instead interpreted the comments to mean that Hines had answered the questions posed to him by the detective, but not in the manner that the detective would have liked. Based on our review of the detective's comments, defense counsel's interpretation was not objectively reasonable. Therefore, because defense counsel's decision not to object was based on a misinterpretation of the detective's comments rather than on informed trial strategy, we conclude that Hines met his burden of proving deficient performance. See *Kalb v. State*, 276 Ga. App. 394, 396-398 (2) (623 SE2d 230) (2005); *Orr v. State*, 262 Ga. App. 125, 129 (3) (584 SE2d 720) (2003); *Mann v. State*, 252 Ga. App. 70, 73 (1) (555 SE2d 527) (2001).

But, our inquiry does not end here. "Improper reference to a defendant's silence does not automatically require reversal" or mandate a finding of ineffective assistance of counsel. *Crenshaw v. State*, 272 Ga. App. 350, 354 (2) (612 SE2d 539) (2005). See also *Brewer v.*

---

[1] See, e.g., *Wallace v. State*, 246 Ga. 738, 741 (2) (273 SE2d 143) (1980); *Burney v. State*, 244 Ga. 33, 39 (4) (257 SE2d 543) (1979); *Stone v. State*, 257 Ga. App. 306, 310 (1) (570 SE2d 715) (2002); *Dixon v. State*, 144 Ga. App. 27, 29 (5) (240 SE2d 302) (1977).

*Hall*, 278 Ga. 511, 513-514 (3) (603 SE2d 244) (2004). Hines still must prove that, but for defense counsel's failure to object to the detective's comments on cross-examination, there is a reasonable probability that the outcome of his trial would have been different. *Polite v. State*, 273 Ga. App. 235, 239 (4) (614 SE2d 849) (2005). "[I]t is not enough for [Hines] to show that the error[ ] had some conceivable effect on the outcome of the proceedings." (Punctuation and footnote omitted.) Id.

After reviewing the detective's comments in the context of the trial as a whole, we conclude that there is no reasonable probability that the comments had any effect on the jury's verdict. There was only one brief reference to Hines' assertion of his right to remain silent during the course of the trial, and it did not occur in response to questions posed by the State on direct or cross-examination. Rather, "in this case a police officer gratuitously offered a non-responsive comment" during his cross-examination by defense counsel, *Brewer*, 278 Ga. at 514 (3), and defense counsel quickly moved past the comment and brought the focus back to the fact that Hines had denied committing the charged offense during the custodial interview. Then, in her closing argument, defense counsel emphasized that the detective had stated that Hines denied committing the offense and had voluntarily cooperated with the police by consenting to the custodial interview.

In contrast, the State made no attempt during closing argument, or at any other point during the trial, to draw the jury's attention to the detective's comments or to encourage the jury to infer guilt from Hines' silence. Contrary to Hines' assertion on appeal, the record makes plain that to the extent the assistant district attorney made reference to Hines' custodial interview with the detective during closing argument, he only made reference to those portions of the interview where Hines made contradictory statements or stated that he could not remember what had happened between R. M. and himself. Reference to inconsistencies in what Hines said during the interview and to Hines' purported "memory lapse" clearly were not improper under *Doyle*. See *Stone v. State*, 257 Ga. App. 306, 310 (1) (570 SE2d 715) (2002) (holding that "[t]he State's comments were comments on [defendant's] election to speak," and thus were not improper under *Doyle*) (citation and punctuation omitted); *McMichen v. State*, 265 Ga. 598, 606 (11) (a) (458 SE2d 833) (1995) (holding that "[i]ntroduction of evidence that [defendant] made affirmative statements claiming near total loss of memory did not constitute a comment on [defendant's] right to remain silent"). As such, this is not a case where the State intentionally drew out the witness' comments or attempted to capitalize on the defendant's exercise of his right to remain silent.

Additionally, the State presented strong evidence of Hines' guilt. As previously noted, both R. M. and Mack testified on behalf of the State and explicitly described Hines' acts of aggravated child molestation committed against R. M. The State also presented evidence of an outcry interview conducted with R. M. by the Fulton County Police Department shortly after the incident occurred and of a forensic interview later conducted with him by the Georgia Center for Children, both of which were videotaped and played to the jury. In contrast, the defense failed to present any evidence of a plausible motive for Mack or R. M. to lie during the course of trial. Indeed, the uncontroverted evidence was that Mack and Hines were friends prior to the incident.

For these reasons, we conclude "that [Hines] was not prejudiced by his trial counsel's failure to object to the testimony." *Brewer*, 278 Ga. at 514 (3). See also *Clark v. State*, 191 Ga. App. 386 (2) (381 SE2d 763) (1989); *Evans v. State*, 167 Ga. App. 396, 398-399 (2) (306 SE2d 691) (1983), overruled in part on other grounds, *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984). Consequently, Hines was not denied the effective assistance of trial counsel.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JANUARY 27, 2006.

*Maurice Brown*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

