## 64504. CHESTER v. THE STATE.

McMurray, Presiding Judge.

Defendant and his wife, as co-defendant, were jointly indicted on seven counts for the offenses of violation of the Georgia Controlled Substances Act, that is, they unlawfully possessed and had under their control and did distribute phencyclidine and unlawfully possessed and had under their control certain other specified contraband drugs. A trial was held, and only the defendant was convicted of Counts 1 and 2 (phencyclidine and amphetamine, respectively). Defendant appeals. *Held:*

Defendant's enumerations of error are all concerned with a scientific report (the drug analysis). The first enumeration of error is that the trial court erred in denying defendant's request for the scientific report made 10 days prior to trial (filed January 8, 1982, with certificate of service dated January 6, 1982, as to opposing counsel). The second and third enumerations of error contend the trial court erred in denying defendant's motion to exclude the testimony of the Georgia State Crime Laboratory technician who had analyzed the drugs, prepared the report and testified as a witness for the state or in failing to grant a continuance to allow the drug report to be interpreted and analyzed. All of these enumerations of error are concerned with the scientific report (the drug analysis) which the state's witness used to refresh her memory in testifying in court. *On August 6, 1981,* a hearing had been held on a number of motions made by defense counsel different from defendant's trial and appellate counsel, previous counsel present and participating, and one of these motions was for the production of scientific data. At that time the district attorney advised that he had a drug report and he would be glad to make a copy for counsel, remarking, "It's just the usual drug report." The trial court granted this motion, even though the district attorney had advised that he would make the report available. At that time, and at all times apparent prior to the middle of October 1981, the defendant and the co-defendant, his wife, were represented by separate counsel.

On February 8, 1982, the written motion, dated January 6, 1982 (filed January 8, 1982), came on for hearing along with others, as filed

by present counsel different from counsel representing defendant on August 6, 1981. We note here that the trial occurred on February 11-13, 1982, approximately three days later. The case had been previously called for trial at the August Term, 1981 and the defendant, who was out on bond, failed to appear for trial. At the hearing on February 8, 1982, the trial court announced that he was denying the motion, the defendant already having been arraigned and because the defendant had not made a timely written request "under 27-1403 [Code Ann. § 27-1303; Ga. L. 1980, p. 1388]." Code Ann. § 27-1303, supra, requires that a request for a copy of any written scientific reports shall be made by the defendant, "in writing at arraignment or within any reasonable time prior to trial. It shall be within the sound discretion of the trial judge to determine in each case what constitutes a reasonable time prior to trial if such written request is not made at arraignment. If the scientific report is in the possession of or available to the district attorney, he must comply with this section at least 10 days prior to the trial of the case." By brief, however, defendant's counsel state that at approximately 5:30 p.m. on the date of the hearing on February 8, 1982, a scientific report of the drug analysis was given to counsel (if not already given to previous counsel). The transcript of the evidence and proceedings here shows that an earlier motion (apparently verbal and unwritten) for the production of scientific data was granted August 6, 1981, which was "just the usual drug report." No issue has been made here by present counsel as to whether or not counsel for defendant at that time (August 6, 1981) received or did not receive such drug report and defendant has failed to show that it was not received at that earlier date. Since the trial court had granted the motion made by previous counsel regarding the scientific data and no evidence being introduced to show otherwise, this court can presume that the report was produced at that prior time as required by Code Ann. § 27-1303, supra. Accordingly, none of the enumerations of error, all of which involve the scientific report (drug analysis) and the testimony in regard thereto in which the laboratory technician used same to refresh her memory in giving her expert testimony in analyzing the contents of the contraband, are meritorious. The trial court did not abuse its discretion in failing to grant a continuance or to exclude the expert's testimony in regard to the scientific report as no error has been shown. See *Hobbs v. State,* 8 Ga. App. 53, 54 (2) (68 SE 515); *Huffman v. State,* 95 Ga. 469 (2) (20 SE 216); *Dent v. State,* 139 Ga. App. 321 (228 SE2d 357).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 19, 1982 —

REHEARING DENIED DECEMBER 7, 1982 — 

*James C. Carr, Jr., Charles B. Tanksley,* for appellant.
*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Christopher J. Walker III, Assistant District Attorneys,* for appellee.