### 66319. WALLS v. THE STATE.

CARLEY, Judge.

Appellant appeals his conviction of possession of cocaine in violation of the Georgia Controlled Substances Act. The appeal of appellant's co-defendant appears in *Stevens v. State,* 165 Ga. App. 814 (302 SE2d 724) (1983). The relevant facts of the instant case are set forth fully therein and will not be repeated here.

1. Appellant's first enumeration of error is predicated upon the state's failure to comply with OCGA § 17-7-210 (Code Ann. § 27-1302), which requires that a defendant who requests a copy of his in-custody statement be furnished one "at least 10 days prior to the trial of the case . . ." Appellant was tried on February 22, 1982, and his written request for a copy of his in-custody statement had been filed some seventeen days earlier, on February 5, 1982. Accordingly, it is clear that appellant's request was "timely" in that compliance by the state could have been made "at least 10 days prior to the trial of the case . . ." Compare *Law v. State,* 251 Ga. 525, (307 SE2d 904) (1983) (construing OCGA § 17-7-211 (Code Ann. § 27-1303)). "If the request is timely made, defendant is then given at least ten days access to the report before trial, in order to prepare. That is, a copy of the report must be furnished by the prosecuting attorney at least ten days prior to trial." *Law v. State,* supra at 527. On February 15, 1982, defense

counsel was shown a copy of appellant's statement but was not provided with a copy. It was not until February 22, 1982, the day of appellant's trial, that a copy was given to defense counsel. On these facts, appellant made a motion in limine to exclude all evidence concerning his in-custody statements from the trial. The motion was denied, and at trial, the state introduced testimony which attributed an inculpatory in-custody statement to appellant. Appellant asserts that the trial court erred in denying his motion in limine and in allowing the testimony concerning his statement into evidence.

The grounds upon which the trial court denied appellant's motion in limine were that his statement had been "available" since November 4, 1981, the day of appellant's preliminary hearing, and that it was incumbent upon defense counsel to avail himself of the "open file" policy of the prosecution and secure his own copy of appellant's in-custody statement. However, at the time of the preliminary hearing, appellant had not been represented by the same counsel who was defending him at trial and who filed the request on February 5, 1982, for a copy of appellant's in-custody statements. There is nothing in the record to indicate that before February 5, 1982, appellant or counsel who had represented him at the preliminary hearing had requested or been provided written copies of appellant's in-custody statement. Compare *McCannon v. State,* 161 Ga. App. 685 (2) (288 SE2d 663) (1982); *Chester v. State,* 164 Ga. App. 697 (296 SE2d 237) (1982). The applicability of OCGA § 17-7-210 (Code Ann. § 27-1302) is triggered by a defendant's written request for a copy of his in-custody statement. The first such request in the instant case was timely made on February 5, 1982, by counsel who was representing appellant in the upcoming trial. Thereafter, the burden shifted to the state to comply with the requirements of OCGA § 17-7-210 (Code Ann. § 27-1302). *Garner v. State,* 159 Ga. App. 244, 245 (282 SE2d 909) (1981). That burden required the state to furnish appellant with a written copy of his in-custody statement at least 10 days before trial. *Garner v. State,* supra. That burden was not met in the instant case. "The General Assembly has seen fit to provide certain discovery rights to criminal defendants, and it is the duty of this court to give full force and effect to all provisions of that statute. [Cits.]" *Tanner v. State,* 160 Ga. App. 266, 268 (287 SE2d 268) (1981). "[I]t is always error to fail to give [a defendant] on proper demand a written summary of all relevant and material statements made by him while in custody." *Reed v. State,* 163 Ga. App. 364, 365 (295 SE2d 108) (1982).

The state asserts that there was substantial compliance with appellant's motion. See *Tyson v. State,* 165 Ga. App. 22 (299 SE2d 69) (1983). Unlike *Tyson,* however, there is no showing that appellant or

his counsel had ever been provided some form of a *written* copy of his in-custody statement. "The statute is quite clear as to what the state is required to furnish *in writing* and that the material cannot be used against the defendant if the state has not furnished it." (Emphasis supplied.) *McCarty v. State,* 161 Ga. App. 444, 445 (288 SE2d 249) (1982), aff'd 249 Ga. 618 (292 SE2d 700) (1982). This court has already rejected the argument that the oral communication of scientific test results evinced by a writing "substantially" complies with the requirements of OCGA § 17-7-211 (Code Ann. § 27-1303). *Luck v. State,* 163 Ga. App. 657 (295 SE2d 584) (1982). We know of no reason why this court should sanction a different analysis with regard to OCGA § 17-7-210 (Code Ann. § 27-1302).

Moreover, the trial court's ruling that the burden was on defense counsel to obtain a copy of appellant's statements from the prosecution's "open files" is likewise erroneous. As noted above, the statute requires that the state *furnish* a written copy of a defendant's in-custody statement upon request. *McCarty v. State,* supra. See also *State v. Madigan,* 249 Ga. 571, 573 (292 SE2d 406) (1982), overruled on other grounds, *Law v. State,* supra. "Upon proper application by a defendant, the burden of compliance with the requirements of [OCGA § 17-7-210 (Code Ann. § 27-1302)] is on the state." *Garner v. State,* supra at 245. *Luck v. State,* supra, clearly supports the proposition that when the discovery statute is invoked pursuant to a defendant's timely motion, it is incumbent upon the state to furnish defendant with a written copy of his in-custody statement in a timely fashion without regard to defense counsel's knowledge of the existence and content of his client's in-custody statement and his lack of effort to secure a copy thereof. "[U]nder the code section it was up to the district attorney to furnish the report to [appellant] within 10 days and . . ., not having done so, the state was precluded from using testimony founded on the report." *Luck v. State,* supra at 658.

The evidence in the instant case establishes that, although appellant had made a timely motion, the state did not comply with the requirements of OCGA § 17-7-210 (Code Ann. § 27-1302). "Therefore, the judgment of the trial court is reversed and remanded with direction that testimony [concerning appellant's in-custody statement] be excluded and suppressed from any retrial of this case unless and until the district attorney has fully complied with the provisions of [OCGA § 17-7-210 (Code Ann. § 27-1302)]." *Tanner v. State,* supra at 268-269.

2. Appellant also asserts that the state's failure to comply with OCGA § 17-7-211 (Code Ann. § 27-1303), relating to the discovery of scientific tests, rendered the admission at trial of evidence concerning those tests erroneous. Our review of the record dem-

onstrates that the evidence complained of consisted of crime lab reports of blood and urine samples obtained from appellant's co-defendant. This evidence was introduced against the co-defendant, not appellant. OCGA § 17-7-211 (a) (Code Ann. § 27-1303) entitles a criminal defendant to "a complete copy of any written scientific reports in the possession of the prosecution which will be introduced . . . *against the defendant* by the prosecution . . ." (Emphasis supplied.) "Not every described report is discoverable, but only those (1) in the possession of or available to the prosecution (2) *which will be introduced against the defendant.*" (Emphasis supplied.) *Law v. State,* supra at 527. No such evidence encompassed by the statute was introduced against appellant. There was no error in this regard.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 29, 1983.

*Franklin H. Thornton,* for appellant.
*Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney,* for appellee.