S94A0101. DERRICK v. THE STATE.
(438 SE2d 903)

CARLEY, Justice.

After a jury trial, appellant was found guilty of malice murder and also of subsequently concealing the death of the victim. He re-

ceived a life sentence for the murder and was given a concurrent sentence of 12 months for his concealment of the death of the victim. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

1. Appellant does not contest the sufficiency of the evidence to authorize his conviction for concealing the death of the victim. He does, however, enumerate the general grounds as to his malice murder conviction.

Appellant knew the victim and was a friend of the victim's housemates. The homicide occurred while appellant and the victim were alone in the victim's house. According to appellant, he killed the victim in self-defense. However, the State adduced evidence that, shortly after the homicide, appellant had admitted to the victim's housemates that he had killed the victim, but he had not at that time claimed to have acted in self-defense. Moreover, appellant never contacted the authorities after the homicide. Instead, he enlisted the aid of the victim's housemates in disposing of the evidence and employed threats in an attempt to secure their silence. Appellant concealed the victim's body in a desolate area. Although the victim's housemates were at the scene shortly after the homicide, they saw nothing to indicate that a fight had taken place on the premises or that appellant had suffered any injury. The victim, who was known to "flash" his money, had been severely beaten. The victim's wallet was also missing and was never recovered.

"Malice is a state of mind and frequently must be proven indirectly." *Davis v. State*, 237 Ga. 279, 280 (2) (227 SE2d 249) (1976). "It is for the [trier of fact] to determine whether any killing is intentional and malicious from all the facts and circumstances. [Cit.]" *Blair v. State*, 245 Ga. 611, 614 (266 SE2d 214) (1980).

> We find that the facts and circumstances were sufficient to authorize the [jury] to infer malice pursuant to OCGA § 16-5-1 (b), and that the evidence was sufficient for a rational trier of fact to have found [appellant] guilty of [malice murder] beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Latimore v. State*, 262 Ga. 448, 450 (421 SE2d 281) (1992).

2. Appellant enumerates as error the admission of evidence that

---

[1] The crimes occurred on June 14, 1992. Appellant was indicted on August 28, 1992. The guilty verdicts were returned on November 5, 1992 and the sentences were imposed on January 14, 1993. Appellant's motion for new trial was filed on February 10, 1993 and was denied on September 13, 1993. His notice of appeal was filed on September 17, 1993. The case was docketed in this court on October 21, 1993 and was submitted for decision on December 3, 1993.

the victim's wallet was missing.

Appellant did not object to the admission of the evidence. He urges, however, that this enumeration is nevertheless reviewable under the "plain error" rule.

> This Court has not adopted the plain error rule in cases in which the death penalty is not sought. However, even if we were to consider the facts of this case under the plain error rule, the assertion of error is without merit.

*Owens v. State*, 263 Ga. 99, 101-102 (2) (428 SE2d 793) (1993).

Evidence that the victim's wallet was missing was admissible as part of the res gestae. See *Chambers v. State*, 250 Ga. 856, 859 (2) (302 SE2d 86) (1983); *Newman v. State*, 237 Ga. 376, 382 (4) (228 SE2d 790) (1976); *Shouse v. State*, 231 Ga. 716, 718 (8) (203 SE2d 537) (1974). "This is true even if the defendant's character is incidentally placed in issue." *Satterfield v. State*, 256 Ga. 593, 598 (6) (351 SE2d 625) (1987).

Moreover, the evidence was also admissible as relevant to rebut appellant's claim of self-defense by establishing the existence of a motive for his intentional killing of the victim. " 'While motive is not an essential element in the proof of the crime of murder, the State is entitled to present evidence to establish that there was a motive.' [Cit.]" *Whitener v. State*, 261 Ga. 567, 568 (2) (407 SE2d 735) (1991).

3. Appellant enumerates as error numerous purported deficiencies in the trial court's instructions to the jury.

The record demonstrates that appellant's right to enumerate error as to the jury charge was waived. *White v. State*, 243 Ga. 250 (253 SE2d 694) (1979). Contrary to appellant's contention, none of the purported deficiencies in the charge would constitute "substantial error" within the meaning of OCGA § 5-5-24 (c).

4. Appellant urges that his trial counsel was ineffective and that the trial court erred in concluding otherwise.

Appellant contends that his trial counsel's performance was deficient in connection with the jury charge. However,

> [t]o establish that there has been actual ineffective assistance of counsel, the defendant must show that counsel's performance was deficient *and* that the deficiency prejudiced the defense.

(Emphasis supplied.) *Baggett v. State*, 257 Ga. 735 (1) (363 SE2d 257) (1988). Here, the trial court was authorized to

> conclude that most of the charges were not erroneous and that, even assuming that others were erroneous, [appellant]

has failed to establish that there is a reasonable probability that proper charges would have affected the result of the trial. [Cit.]

*Peavy v. State*, 262 Ga. 782, 783 (2) (425 SE2d 654) (1993). See also *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993). Accordingly, this enumeration of error is without merit.

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 31, 1994.

*Peter D. Johnson,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Staff Attorney,* for appellee.

