A94A2550. WALKER v. THE STATE.
(454 SE2d 156)

McMurray, Presiding Judge.

Defendant was charged via indictment with armed robbery, aggravated assault, and possession of a firearm during the commission of those two crimes. The jury found him "guilty on all counts." His motion for new trial was denied and this appeal followed. *Held*:

1. Defendant first contends the trial court erred in denying his "MOTION TO DISMISS" (in the nature of a demand for discharge and acquittal) predicated upon the failure of the State to try him within the time as allowed by OCGA § 17-7-170 after his written demand for a speedy trial. However, the trial court determined that the "statutory provisions of OCGA § 17-7-171 apply and were not complied with. Specifically, neither the defendant nor his counsel were present in court during the March 1990 or May 1990 term announcing ready for trial and requesting a trial on the indictment." On appeal, defendant does not dispute that OCGA § 17-7-171 applies but argues that, since he was already incarcerated for an unrelated offense, the "State's failure to assure his presence when he was involuntarily absent and subject to its legal process precludes the State from arguing the Defendant had not complied with the . . . 'statutory provisions of OCGA § 17-7-171' by not being . . . present in court . . . announcing ready for trial. . . ."

"The right to a speedy trial under OCGA § 17-7-171 requires strict compliance with the statutory requirements and may be waived by a defendant's actions. See *Mize v. State*, 262 Ga. 489, 490 (422 SE2d 180) (1992). . . . A failure to comply with the express language of OCGA § 17-7-171 (b) that the defendant be in court 'announcing ready for trial' following the filing of a speedy trial demand operates as a waiver of that demand." *Rice v. State*, 264 Ga. 849, 850 (452 SE2d 118) (1995).

Defendant's argument misplaces the responsibility for assuring his presence in court, which lies with the defense. "Any judge of the superior court may issue his order to any officer having a lawfully imprisoned person in his custody, requiring the production of such person before his court for the purpose of giving evidence in any criminal cause pending therein, without any formal application or writ of habeas corpus for that purpose." OCGA § 24-10-61. The record contains no indication that defendant exercised due diligence to be "present in court announcing ready for trial and requesting a trial on the indictment," as required by OCGA § 17-7-171 (b). Moreover, it is undisputed that defendant, although in custody, "was represented by counsel who could have [announced ready] for him. . . ." *Dennis v. Grimes*, 216 Ga. 671, 672 (3), 673 (118 SE2d 923). In the case sub judice, the trial court did not err in denying defendant's demand for

discharge and acquittal.

2. In his second enumeration, defendant contends the trial court erred in "allowing a copy of a custodial statement to be admitted, and considered, as evidence during jury deliberations." Defendant concedes that no "continuing witness" objection was interposed during trial but urges that this enumeration nevertheless should be considered under the "plain error" doctrine.

The written confession of the defendant should not be allowed to go to the jury room and, over timely objection, it is reversible error to do so. *Walker v. State*, 215 Ga. 128, 129 (2), 130 (109 SE2d 748); *Pope v. State*, 197 Ga. App. 832 (2) (399 SE2d 552). However, pursuant to the binding precedent of the Supreme Court of Georgia, we hold that, in the case sub judice, defendant "has waived his right to complain of this on appeal by failing to object at trial." *Stidem v. State*, 246 Ga. 637, 639 (3) (272 SE2d 338). See also *Kitchens v. State*, 198 Ga. App. 284, 286 (5) (401 SE2d 552). Consequently, this enumeration presents nothing for review.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 6, 1995.

*Peter D. Johnson,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.