## A96A0179. RAHMAN v. THE STATE.
(469 SE2d 450)

RUFFIN, Judge.

Following a bench trial, Kaleem Rahman was convicted of the following misdemeanor offenses: criminal trespass (OCGA § 16-7-21), simple battery (OCGA § 16-5-23), and abusive and obscene language (OCGA § 16-11-39 (a) (3)). In his sole enumeration of error, Rahman argues that the State's injection of his ethnic origin and religious beliefs into the trial impugned the integrity of the proceedings and violated his federal and state constitutional rights. For the reasons which follow, we affirm.

The evidence at trial showed the following. The case arose after Rahman bought two chairs from a La-Z-Boy store. He found them unsatisfactory and decided to exchange them for a different style and upholstery. Rahman, his wife, and his stepson returned the chairs to the store. Rahman and his stepson unloaded one chair and carried it into the store by way of the front door. At that point, the store manager informed Rahman that he could not bring the chair in through the front and there was a loading dock in the back. They then drove the other chair around to the back where it was unloaded. Rahman and his wife then returned to the store, where they waited for the manager, who had helped them the previous evening. At least one employee offered to assist them but they decided to wait for the manager. After about 30 minutes, the manager approached them and said she needed to inspect the chairs before she could issue the paperwork necessary for the exchange. Shortly thereafter, while the paperwork was being processed, Rahman told the manager she was acting "rebellious," like a "snappy little b. . .h." The argument escalated and Rahman said "shut up you b. . .h" and poked the manager several times in the chest with a ballpoint pen. After the manager threatened to call the police and placed the phone on the counter, Rahman threw it at her, striking her shoulder. Both a La-Z-Boy employee and a customer witnessed Rahman throw the phone. Rahman then left after retrieving his credit card.

At trial, during cross-examination of Rahman's wife, the following exchange occurred: "Q: Where did you meet your husband? A: Auburn University in Auburn, Alabama. Q: Where is he from originally? A: Pakistan. Q: Do you know whether he's Muslim? A: Yes. Q: You ever been to Pakistan with him? A: No I haven't. Q: Are you familiar with the woman's role in Muslim countries? A: I understand the stereotype."

Rahman contends that his constitutional rights were violated by this exchange.

The gratuitous injection of irrelevant and potentially prejudicial ethnic and religious stereotypes at trial is never appropriate, particularly when the State is the offender. Because the record shows that Rahman failed to object at trial, however, the error is not preserved for appellate review. *Walker v. State*, 258 Ga. 443, 444 (3) (370 SE2d 149) (1988); *Walker v. State*, 216 Ga. App. 236 (454 SE2d 156) (1995). An error which is harmful, not waived, and uninvited by the appellant is still the prerequisite for reversal. Moreover, the trial court's commendable approach to the issue was sufficient to quell any potential harm arising from the exchange and to raise serious questions about the propriety of this appeal. An error, though wrapped in glowing platitudes, is no stronger because of the platitudes. Had this case been tried to a jury, a different issue would have been presented.

Rahman maintains that the issue is reviewable nonetheless because it constitutes plain error. Federal courts broadly apply the plain error rule, thereby allowing appellate review for the first time on appeal of errors so clearly erroneous that they result in a likelihood that the trial's outcome was unjust or which "seriously [affect] the fairness, integrity or public reputation of a judicial proceeding." (Citation and punctuation omitted.) *Lynd v. State*, 262 Ga. 58, 61, n. 2 (414 SE2d 5) (1992); *Owens v. State*, 263 Ga. 99 (2) (428 SE2d 793) (1993). In contrast, Georgia law generally limits the rule's application to capital cases. *Derrick v. State*, 263 Ga. 766 (2) (438 SE2d 903) (1994); *Owens*, 263 Ga. at 101. However, in this case, the trial court noted that it did not consider this evidence in reaching the judgment. Thus, Rahman's argument fails when analyzed as plain error. *Derrick*, 263 Ga. at 768.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 27, 1996.

*Cathy M. Alterman, Jonathan S. Lynton,* for appellant.

Paul L. Howard, Jr., Solicitor, Michael S. Moody, Cynthia Strong-McCarthy, Deborah W. Espy, Assistant Solicitors, for appellee.