## A96A0401. LIVINGSTON v. THE STATE.
### (474 SE2d 1)

BLACKBURN, Judge.

Rupert Godfry Livingston appeals from the trial court's ruling allowing the admission of his oral custodial confession over his objection based on the State's violation of OCGA § 17-7-210. Livingston's objection sought to exclude his oral custodial confession, a summary of which the State failed to timely provide pursuant to his request under former OCGA § 17-7-210.

Livingston was arrested at the Hartsfield International Airport for possession of marijuana on March 24, 1994. He was indicted on December 7, 1994, and arraigned on March 24, 1995. Counsel was appointed to represent Livingston on March 27, 1995. On April 5, 1995, Livingston timely filed a discovery request under former OCGA § 17-7-210 seeking any material statements given by him

while in police custody.[1] On April 21, 1995, three days before the trial, the State supplied Livingston with a written summary of a confession allegedly made by Livingston to a DEA agent while in custody. At trial, Livingston made an objection, seeking to exclude his confession because it was supplied by the State less than ten days prior to the trial in violation of OCGA § 17-7-210. The court overruled the objection, and the jury convicted Livingston.

The State contends that Livingston's OCGA § 17-7-210 request is controlled by Rule 31.1 of the Uniform Superior Court Rules (USCR) and was untimely because Livingston failed to obtain a written extension from the judge allowing him to make his request after arraignment. USCR 31.1 provides in pertinent part: "All motions . . . shall be made and filed at or before the time of arraignment, unless time therefor is extended by the judge in writing prior to trial."

The State's contentions are without merit as an OCGA § 17-7-210 request is not a motion within the meaning of Rule 31.1. The timing of the filing of an OCGA § 17-7-210 request is controlled by the statute itself. See *Pealor v. State*, 165 Ga. App. 387 (1) (299 SE2d 904) (1983).

Former OCGA § 17-7-210 (a) provided: "At least ten days prior to trial of the case, the defendant shall be entitled to have a copy of any statement given by him while in police custody. The defendant may make his request for a copy of any such statement, in writing, *within any reasonable period of time prior to trial*." (Emphasis supplied.) We have previously held that an OCGA § 17-7-210 request will be deemed "timely" if "compliance by the state could have been made at least 10 days prior to the trial of the case." (Punctuation omitted.) *Walls v. State*, 169 Ga. App. 80 (311 SE2d 243) (1983). The State does not contend that it could not have complied with Livingston's OCGA § 17-7-210 request ten days prior to trial, thus Livingston's request was timely under OCGA § 17-7-210.

Once a timely OCGA § 17-7-210 request is made, the burden shifts to the State to furnish the defendant with a written copy of any in-custody statements at least ten days before trial. *Walls*, supra at 81. At trial, the State contended that defendant had been timely advised orally of the existence of the confession, and thus they had complied with OCGA § 17-7-210. We held in *Walls*, supra at 82, absent some written communication, oral compliance is not sufficient. Because the State failed to supply Livingston with a written copy of his in-custody confession at least ten days prior to trial, Livingston's motion in limine seeking to exclude the confession should

---

[1] OCGA § 17-7-210 was superseded by OCGA § 17-16-1 et seq., but is applicable here because the underlying criminal case was docketed before January 1, 1995. See Ga. L. 1994, p. 1915, § 13.

have been granted. As a result, unless we are able to say with reasonable certainty that no harm resulted, we must reverse. *Ludy v. State*, 177 Ga. App. 767, 768 (341 SE2d 224) (1986).

Where the challenged statement directly contradicts appellant's trial testimony on a material issue, we cannot say with reasonable certainty that no harm resulted from the State's failure to obey the statutory requirement of OCGA § 17-7-210. *Davis v. State*, 198 Ga. App. 375, 377 (401 SE2d 581) (1991). At trial, Livingston admitted he owned and was in possession of the locked suitcase containing 14.6 pounds of marijuana, as well as the key to the lock. He testified, however, that he had loaned the suitcase to his traveling companion, and *disavowed any knowledge of its contents*. While the written summary of defendant's statements which the State untimely provided to defendant is not a part of the record, Officer Stubbs, Clayton County Police, testified that following the arrest, Livingston had *told him that the marijuana was his (Livingston's)*. For the reasons previously stated, and because the admission of Livingston's confession negatively impacted his sole defense, we cannot say with reasonable certainty that no harm resulted. See *Davis v. State*, supra. Accordingly, the judgment of the trial court is reversed and the case is remanded to the trial court for disposition consistent with this opinion.

*Judgment reversed and case remanded. Beasley, C. J., and Birdsong, P. J., concur.*

ON MOTION FOR RECONSIDERATION.

In the State's motion for reconsideration, the State contends that Livingston failed to renew his OCGA § 17-7-210 objection at the time the testimony was offered into evidence, and therefore, his objection was waived. The State relies on *Ahmed Al-Beti v. State*, 210 Ga. App. 312, 313 (436 SE2d 50) (1993) and *Wadsworth v. State*, 209 Ga. App. 333 (433 SE2d 419) (1993) to support its position. Both *Ahmed* and *Wadsworth* involved the failure of the defendant to make an OCGA § 17-7-210 objection during trial.

In the present case, after the jury was sworn, the State requested to take up a matter outside the jury's presence, at which time the State informed the Court that it intended to use Livingston's confession. Immediately thereafter, Livingston objected to the use of the confession stating that it had not been provided ten days prior to trial, as required by OCGA § 17-7-210, albeit it was immediately following the swearing in of the jury. Therefore, Livingston made his OCGA § 17-7-210 objection at the first possible opportunity. This situation is distinguishable from the cases cited by the State. Here, the trial court ruled on his objection and he was entitled to rely on the trial court's ruling.

" 'If counsel desires to preserve an objection upon a specific point for appeal, the objection must be made *at trial* upon that specific ground.' " (Emphasis supplied.) *Norman v. State*, 197 Ga. App. 333 (398 SE2d 395) (1990). Livingston is not required to renew an objection originally made during trial in order to preserve that same objection for the appellate record. On the basis of our review of the transcript, we find that the objection was sufficient to preserve the issue for appeal.

DECIDED JUNE 17, 1996 —
RECONSIDERATION DENIED JULY 12, 1996 — 

*Richard H. Johnston & Associates, Gregory M. Brown*, for appellant.

*Robert E. Keller, District Attorney, David B. Hornsby, Assistant District Attorney*, for appellee.