## A01A1141. JACKSON v. THE STATE.
### (555 SE2d 908)

BLACKBURN, Chief Judge.

Following a jury trial, Johnny Darlington Jackson appeals his conviction for two counts of selling cocaine and one count of possession of cocaine with intent to distribute, contending that (1) the evidence was insufficient to support the conviction; (2) the trial court erred by failing to suppress evidence seized during a search of Jackson's hotel room; (3) the trial court erred by admitting similar transaction evidence; (4) the trial court erred by precluding a witness from testifying about a statement allegedly made by Jackson's codefendant; and (5) the trial court erred by refusing to charge the jury on a search warrant issue. For the reasons which follow, we affirm.

1. Jackson claims that the evidence was insufficient to support his convictions for the sale of cocaine and possession of cocaine with intent to distribute. We disagree.

On appeal from a criminal conviction, "the evidence must be viewed in the light most favorable to support the verdict, and [Jackson] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Punctuation omitted.) *Lester v. State*;[1] see *Jackson v. Virginia*.[2]

So viewed, the evidence shows that, during the evening of August 20, 1999, two narcotics agents drove to a motel with the intention of making undercover purchases of crack cocaine. There, the agents saw Jackson and co-defendant Zena Chisholm[3] standing outside room 22. The agents asked Chisholm for $50 worth of crack cocaine. Chisholm replied, "okay," and walked toward room 22, where Jackson had been residing for six months. Jackson walked into room 22 just ahead of Chisholm. Thereafter, Chisholm returned to the agents' car with two pieces of crack cocaine.

Later that evening, the agents made a second purchase of crack cocaine from Chisholm, who returned directly to room 22 after the sale. The money used to purchase the drugs on both occasions was

---

[1] *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] The record does not reveal the status of the case against Chisholm.

photocopied for later identification.

After obtaining a search warrant, agents searched room 22 the following morning, and they found Chisholm and Jackson, along with money (a portion of which was traced to the money utilized by the agents during the undercover operation), and a plate holding 12.3 grams of crack cocaine under the bed. Jackson told the agents that the money was obtained from selling cocaine, that he had received the seized cocaine in its "crack" condition, and that he had been involved in the sales of cocaine for one month (although he claimed he did not "personally" do the selling).

The evidence was sufficient to connect Jackson to the sale of the cocaine. Under OCGA § 16-2-20, a person is a party to a crime where he: "(3) Intentionally aids or abets in the commission of the crime; or (4) Intentionally advises, encourages, hires, counsels, or procures another to commit the crime." The evidence demonstrates that during the first sale, Chisholm followed Jackson into room 22 to obtain the crack to sell to the agents. Thereafter, Chisholm walked out of room 22, armed with the crack cocaine to sell to the agents. After the second sale, Chisholm again walked directly into room 22.

Furthermore, Jackson was present in the room when the authorities found crack cocaine under the bed. Jackson admitted that he had been staying in room 22 for six months. He admitted to the officers that he had been involved with selling cocaine and that he received the cocaine in its "crack" condition. Jackson also admitted that the money in the room was connected with the cocaine sales. The evidence was sufficient to support Jackson's convictions. It was for the jury to resolve any conflicts in the testimony and issues of credibility. See *Sanders v. State*.[4] Jackson presents nothing further for consideration in connection with his drug convictions.

2. Jackson claims that the trial court erred in refusing to suppress the evidence seized from his room during the execution of the search warrant. "This court's responsibility in reviewing a trial court's ruling on a motion to suppress is to assure there was a substantial basis for the decision, and the evidence is construed to uphold the findings and judgment of the trial court." *Claire v. State*.[5]

The requirements for suppressing evidence obtained during a search are as follows:

> OCGA § 17-5-30 (b) provides: "The motion shall be in writing and state facts showing that the search and seizure were unlawful." [Uniform Superior Court Rule] 31.1 regarding the filing of motions in criminal matters, states, "All motions

---

[4] *Sanders v. State*, 242 Ga. App. 487, 491 (530 SE2d 203) (2000).
[5] *Claire v. State*, 247 Ga. App. 648 (544 SE2d 537) (2001).

. . . shall be made and filed at or before time of arraignment, unless time therefor is extended by the judge in writing prior to trial." This Court has held that both OCGA § 17-5-30 and USCR 31.1 require that a motion to suppress evidence seized in an allegedly unlawful search be filed before arraignment. Further, oral motions to suppress are procedurally defective under OCGA § 17-5-30 (b). Thus [defendant] failed to preserve his right to challenge the validity of the search. Further, he may not circumvent the requirement of a timely, written motion to suppress by couching his motion "in the alternative" as a motion in limine. "Motions in limine do not replace motions to suppress or other specific kinds of pre-trial hearings in criminal cases."

(Footnotes omitted.) *Copeland v. State*.[6]

It is undisputed that Jackson failed to timely file a written motion to suppress prior to arraignment. At trial, Jackson acknowledged his failure to properly file a motion to suppress, but contended he was entitled to have the search warrant itself excluded from evidence based upon an alleged discrepancy therein. The warrant reflected that it had been signed by the judge at 1:35 a.m. and that it had been executed by the police at 1:15 a.m. Officer Toth testified that the sequence of events was that the judge signed the warrant, he called the officers and advised them of such, and the officers then proceeded to execute the warrant, notwithstanding any error in the recording of the time. The trial court observed that in addition to Jackson's failure to timely file a written motion to suppress, he also failed to seek any relief until after the trial had begun, even though he had access to the documents which he contends demonstrate an illegally executed warrant, long before trial. We also point out that Jackson's argument ignores the possibility of a simple mistake in recording the time on the warrant. In light of Officer Toth's testimony concerning the sequence of events, any conflict in the written times based on the documents was for the jury to resolve, which they did.

Jackson's reliance on *Reid v. State*[7] and *Childers v. State*[8] is misplaced. Those cases address the requirements of preserving an appeal where a previous motion to suppress has been ruled upon, but issues related to the motion are thereafter raised at trial. *Reid*, supra at 662-663 (2) (c); *Childers*, supra at 556 (1). Neither case stands for the proposition that a defendant can wait until trial to object to the

---

[6] *Copeland v. State*, 272 Ga. 816, 817-818 (2) (537 SE2d 78) (2000).
[7] *Reid v. State*, 129 Ga. App. 660 (200 SE2d 456) (1973).
[8] *Childers v. State*, 130 Ga. App. 555 (203 SE2d 874) (1974).

admission of the fruits of an allegedly improper search.[9]

Jackson also seeks to suppress the evidence seized from his room because he allegedly never received a copy of the search warrant from the authorities as required by OCGA § 17-5-25. However, Jackson never raised this issue below and has, therefore, waived his right to assert this error on appeal. *Miller v. State.*[10] Moreover, for the reasons outlined above, any attempt to move for suppression at trial on this ground would have been untimely. The trial court did not err in denying the motion to suppress.

3. Jackson argues that the trial court erred by admitting prior convictions as similar transaction evidence. We note that Jackson provides no citation to the record for this Court to even identify the evidence of which he complains, in violation of Court of Appeals Rule 27 (c) (3). " 'We have repeatedly held that it is not the function of this court to cull the record on behalf of a party.' " *Chastain v. State.*[11]

However, we have reviewed the record and affirm the trial court's ruling. The admission of similar transaction evidence will not be disturbed absent an abuse of discretion by the trial court. *Brooks v. State.*[12] We have held that our Supreme Court's decision in

> "*Williams v. State*[13] provides that before admission of similar transaction evidence, the State must affirmatively show that (1) it is introducing evidence of an independent offense or act for an appropriate purpose, (2) there is sufficient evidence to establish that the accused committed the independent offense or act, and (3) there is sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter."

*Brooks*, supra.

The State met its burden in this case. At trial, the State introduced evidence of two 1999 guilty pleas, one involving possession of cocaine and the other involving possession with the intent to distribute cocaine. Through the documentation and the testimony of the

---

[9] Because *Livingston v. State*, 222 Ga. App. 298 (474 SE2d 1) (1996), involved the admissibility of a confession and not the fruits of a search conducted under a warrant, it is similarly inapplicable. See *Reid*, supra (discussing the distinction between the rules governing the preservation of objections to statements, confessions, and testimony versus the physical property seized pursuant to a search warrant — where the latter is subject to a motion to suppress, the former is not tested under such standards, but rather, by objections made at trial).

[10] *Miller v. State*, 267 Ga. 92 (2) (475 SE2d 610) (1996).

[11] *Chastain v. State*, 237 Ga. App. 640 (516 SE2d 362) (1999).

[12] *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998).

[13] *Williams v. State*, 261 Ga. 640, 641-642 (2) (409 SE2d 649) (1991).

arresting officers, Jackson was identified as the offender in each incident. The prior incidents each involved cocaine drug violations and occurred in the same area of town as the subject incident. One of the similar transactions occurred at the same hotel as this incident. The purpose of this evidence was to establish Jackson's modus operandi and course of conduct. The State sufficiently established identity, legitimate purpose, and sufficient similarity for purposes of *Williams*, 261 Ga. 640. A contemporaneous limiting instruction was given to the jury. We find no abuse of discretion by the trial court in this ruling.

4. Jackson complains of the trial court's refusal to allow a witness to testify that co-defendant Chisholm said that she would "say anything if she got a deal." " 'The admission of evidence is committed to the sound legal discretion of the presiding judge, whose determinations will not be disturbed on appeal unless they constitute an abuse of that discretion.' " *Williams v. State*.[14]

Chisholm did not testify, and the alleged statement was hearsay. Jackson has not pointed to any exception to the hearsay rule which would authorize the admittance of such testimony. See *Ekstedt v. Charter Med. Corp.*;[15] *Chafin v. Wesley Homes*.[16]

Although Jackson claims that the statement would have "buttressed his alibi," inculpatory statements by co-defendants are generally inadmissible, in any event, and no exceptional circumstances have been shown. See *Wilson v. State*.[17] The record reveals no evidence of any Chisholm "statements" made to the police which in any way involved Jackson. Thus, the proffered testimony that Chisholm would "say anything to get a deal," was simply irrelevant and had no probative value. As Chisholm did not testify, her credibility was not in issue. The trial court did not err in refusing to allow the subject testimony.

5. Jackson claims the trial court erred by failing to give his request for a charge related to the search warrant. Generally "[w]here there has been no written request to charge, failure to give the charge is not error." (Punctuation omitted.) *Bartel v. State*;[18] see *Baker v. State*.[19] Jackson did not submit a written request to charge and states no exception to the general rule. Jackson never indicated what charge he was requesting. Therefore, the trial court did not err as contended. The validity of the search warrant and execution

[14] *Williams v. State*, 237 Ga. App. 814, 815 (2) (515 SE2d 875) (1999).
[15] *Ekstedt v. Charter Med. Corp.*, 192 Ga. App. 248, 249 (2) (384 SE2d 276) (1989).
[16] *Chafin v. Wesley Homes*, 186 Ga. App. 403, 405 (3) (367 SE2d 236) (1988).
[17] *Wilson v. State*, 271 Ga. 811, 814-815 (4) (525 SE2d 339) (1999).
[18] *Bartel v. State*, 202 Ga. App. 458, 459 (3) (414 SE2d 689) (1992).
[19] *Baker v. State*, 238 Ga. App. 285, 288 (3) (518 SE2d 455) (1999).

thereof were questions of law for the trial court and were properly ruled upon. See *Landers v. State*;[20] *Thomas v. State*.[21]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 2, 2001.

*Burton F. Metzger*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ian R. Heap, Jr., Assistant District Attorney*, for appellee.

[20] *Landers v. State*, 164 Ga. App. 657, 660 (3) (297 SE2d 748) (1982), rev'd on other grounds, 250 Ga. 808 (301 SE2d 633) (1983).

[21] *Thomas v. State*, 173 Ga. App. 481, 484 (2) (326 SE2d 840) (1985).

