A02A0691. SOLIS v. THE STATE.
(564 SE2d 506)

MIKELL, Judge.

Jayson Sheraton Solis was indicted on two counts of violating Georgia's Controlled Substances Act. Count 1 charged him with the unlawful possession of gamma hydroxybutyric acid (also known as "GHB"), and Count 2 charged that he unlawfully possessed amphetamine. Count 2 was nolle prossed. Solis had a jury trial on Count 1 and was convicted. On appeal, Solis challenges the sufficiency of the evidence. We affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [Solis] no longer enjoys a presumption of innocence." (Citations and punctuation omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001). Further, "[w]e do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable

---

[9] OCGA § 16-8-14 (a), (b) (1).

[10] *Dunbar*, supra.

doubt." (Citation omitted.) *Dixon v. State*, 252 Ga. App. 385 (556 SE2d 480) (2001).

So viewed, the evidence shows that Deputy Perry Joiner, the Director of the Clayton County Sheriff's Department Work Release Program, noticed the smell of alcohol emanating from one of his inmates on June 28, 1998, between 7:00 and 8:00 p.m. The inmate tested positive for alcohol, became lethargic, and was transported to the hospital. When Deputy Joiner returned to the program, he asked the inmates to follow him for questioning and noticed that inmate John Tweedell was not able to get up. Deputy Joiner called for assistance and had Tweedell transported to the hospital as well. Deputy Joiner noticed that Solis, also an inmate in the work release program, did not appear normal, so the deputy sent Solis to the emergency medical technicians who had been called to the scene. Solis refused treatment, but Deputy Joiner placed Solis in the jail infirmary for observation, since several of the other inmates had fainted and stopped breathing.

Deputy Joiner testified that each inmate in the work release center has a locker. The only people with access to each inmate's locker is that inmate and the work release staff. Deputy Joiner recalled that he used a key to search Solis's locker later that evening and found a plastic bottle, the contents of which he poured into an evidence bottle. Deputy Joiner then contacted the Clayton County Narcotics Unit, and Officer Robert Bridgman responded to his call.

At about 2:30 a.m., Deputy Joiner and Officer Bridgman met with Solis. Officer Bridgman testified that he gave Solis his *Miranda* warning and that Solis did not appear to be under the influence of any intoxicant. After waiving his rights, Solis told them that the substance was GHB and that the bottle belonged to him, but he denied bringing the GHB into the facility. Sylvia Guice of the Georgia Bureau of Investigation testified that she tested the liquid and that it was positive for GHB.

Tweedell testified that when he first saw Solis that evening at Solis's locker, he asked: "have you got the stuff," and Solis replied, "Oh yeah, you know, I got it, be quiet, be cool." By "stuff," Tweedell meant GHB. Also, Tweedell recalled that Solis told him that GHB "puts you in a sleep and it makes your muscles grow when you go to sleep." Tweedell testified that Solis took the bottle that contained the GHB out of his locker and poured some into the cap of the bottle, which Tweedell drank. Tweedell sold the GHB to other inmates for $5 a shot. Tweedell testified that he did not remember what happened to the money because he was "tore up" from drinking the GHB.

Solis testified that he did not possess GHB or give GHB to Tweedell. Instead, he recalled that another inmate told him that Tweedell was selling GHB for $5 a shot. Solis testified that he did not

drink any of the GHB and that he warned the other inmates of the dangers associated with it. Solis explained that he knew about the drug because when he was a personal trainer, body builders used it to promote growth. Solis admitted that he gave Tweedell a bottle from his locker to mix the GHB. Solis testified that later that evening, he unlocked his locker pursuant to Deputy Joiner's request. Deputy Joiner told Solis to leave as the deputy prepared to go through all of the lockers.

As stated earlier, we do not weigh the evidence or determine witness credibility. *Newton v. State*, 251 Ga. App. 198, 199 (1) (552 SE2d 896) (2001). Instead, "[t]he jury determines the credibility of witnesses, so the truthfulness of those witnesses, including that of [Solis], was for the jury to decide." (Citations omitted.) *Rucker v. State*, 272 Ga. 750, 752 (2) (534 SE2d 71) (2000). Solis admits that the bottle in which the GHB was found was his bottle. Though Deputy Joiner testified that he used his key to open Solis's locker, and Solis testified that he unlocked his locker for Deputy Joiner, there is no dispute that the locker was locked before Deputy Joiner searched it. Further, there was no evidence offered that any other inmate had access to the locker before Deputy Joiner found the GHB. Accordingly, we find the evidence sufficient to support Solis's conviction of possession of GHB.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED APRIL 17, 2002.

*Patricia F. Angeli*, for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.

