## A04A1826. WEST v. THE STATE.
(610 SE2d 159)

MIKELL, Judge.

Steve Allen West appeals his conviction of criminal damage to property in the second degree, arguing that the trial court erred in excluding him from the courtroom during identification testimony. We affirm the conviction.

West was indicted on one count of interference with government property and one count of criminal damage to property in the second degree.[1] During his arraignment, West used profane language and disrupted the proceedings. Accordingly, he was held in contempt and jailed for six months.[2] On March 1, 2004, West returned to court to begin his trial, where he made obscene gestures toward the deputy in the courtroom during jury selection. West was extremely disruptive during the state's opening statement; his outbursts included statements that "I didn't do that shit, man" and "[t]hat's some bullshit, man. I don't sell out — you kiss these crackers' ass like that?" At that point, the judge ordered that the jurors be removed. As they were exiting the courtroom, West left his seat, said, "[c]harge me with this," and kicked a computer monitor. Deputies used a Taser to subdue him. Because three jurors said they could not consider the case without recalling West's behavior in the courtroom, the judge declared a mistrial.

The next day, the court began a new trial. Prior to jury selection, the judge advised West of his right to be present in the courtroom and warned him of the court's discretion to have him removed if he continued his disruptive behavior. West stated that he would be quiet. A jury was selected, and, during the court's opening remarks, West became disruptive and spat on defense counsel. At that time, the judge ordered that West be removed and that the trial proceed without him. The judge instructed the jury to disregard West's removal from the courtroom and not to consider it in reaching a verdict. The court offered West the opportunity to return to the courtroom approximately half-way through the trial; however, West told the judge that he would continue his disruptive behavior. At that time, the court arranged for a video feed to be set up in West's holding cell, so that he could see and hear the remainder of the trial. The court gave West another chance to return after the state rested its case, but he used profanity and declined.

---

[1] West was accused of damaging a 2001 Ford Crown Victoria sedan owned by the City of Atlanta Police Department and a red 2002 Ford F-150 truck owned by a private citizen, by jumping on the hoods of the vehicles.

[2] The sentence exceeded the maximum allowed by OCGA § 15-6-8 (5) of 20 days, but there was no appeal.

The jury convicted West of criminal damage to property in the second degree, and the court sentenced him to five years in confinement.[3] West appeals, arguing that the trial court erred in excluding him from the courtroom during identification testimony.

We disagree and hold that the trial court did not abuse its discretion.

> A defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom. There are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant: (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly. *Illinois v. Allen,* 397 U. S. 337, 343-344 (90 SC 1057, 25 LE2d 353) (1970).

(Punctuation omitted.) *Sanders v. State,* 242 Ga. App. 487, 488 (1) (a) (530 SE2d 203) (2000), citing *Williams v. State,* 183 Ga. App. 373, 375 (2) (358 SE2d 914) (1987). Here, as in *Sanders,* we find that West's behavior was disorderly, disruptive, and disrespectful of the court to the point that his trial could not proceed with him present. Further, it is clear from the record that the trial judge gave West at least two opportunities to return to the courtroom, but West either declined or told the judge that he would continue to be disruptive. Accordingly, the court did not err in removing West.

Furthermore, contrary to West's argument, the court did not abuse its discretion by failing to have him returned to the courtroom for identification by one of the state's witnesses. Felix Akbong, a taxicab driver, testified that he saw West scale a fence and then jump onto the hood of a red truck parked in a lot at the airport. Akbong identified West by testifying that the man who had been sitting at the defense table earlier that morning during jury selection was the individual he saw committing the act in question.

In *Sanders,* supra, we held that after a defendant expressed his intention to continue to disrupt the proceedings, the trial court did not err by failing to have him returned for witness identification. Id. at 490-491 (1) (c). We reasoned that "the judge would have been obliged to bind and gag him in order for the witnesses to make an

---

[3] West was acquitted of the charge of interference with government property.

in-court identification. This likely would have had a significant prejudicial impact upon the jury." Id., citing *Illinois v. Allen*, supra. Accordingly, the absence of an in-court, face-to-face identification does not require reversal of West's conviction.

Finally, we note that West failed to object to the identification testimony at trial or to argue that additional measures were required to mitigate his absence from the courtroom; therefore, his challenge is barred on appeal. *Sanders*, supra at 490 (1) (b). See also *Cheesman v. State*, 230 Ga. App. 525, 526 (2) (497 SE2d 40) (1998) ("As this is a court for the correction of errors, we will not consider any issues raised on appeal that were not raised and preserved in the trial court.") (citation omitted).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 7, 2005.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Richard C. Brown, Assistant District Attorney*, for appellee.